Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREA GRIFFITHS**<br><br>**Plaintiff,**<br><br>v.<br><br>**CREDIT ONE BANK,**<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

ANDREA GRIFFITHS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

- 1 -
PLAINTIFF'S COMPLAINT

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

# JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Laguna Beach, California.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is foreign corporation with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in October 2015 and continuing through at least the end of November 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Each call began with a long period of silence followed by an audible click and then a representative would come on the line.

15. Plaintiff never consented to Defendant calling her cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes." Rather Defendant was calling for a third party named John Gonzalez.

17. Plaintiff told Defendant more than once in October 2015 that it was calling the wrong number and to stop calling.

18. Despite informing Defendant that she was not John Gonzalez and to stop calling, Defendant continued to call her on her cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff were made without consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. Defendant's repeated calls caused Plaintiff to feel harassed, stressed, aggravated, frustrated, annoyed, and distressed.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANDREA GRIFFITHS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDREA GRIFFITHS, demands a jury trial in this case.

Respectfully submitted,

DATED: October 18, 2016        By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff